UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>SUITECENTRIC, LLC,<br>　　　　　　　Debtor(s). | CASE NO. C26-916-KKE<br><br>BANKRUPTCY NO. 25-12449-TWD<br><br>ORDER DISMISSING BANKRUPTCY APPEAL |
| PAUL ROSS SEIBERT,<br>　　　　　　　Appellant(s),<br>　　　v.<br><br>SUITECENTERIC, LLC, et al.,<br>　　　　　　　Appellee(s). | |

　　　　This matter comes before the Court on its own motion.  On March 16, 2026, Appellant Paul Ross Seibert, proceeding *pro se*, filed a notice of appeal of an order by U.S. Bankruptcy Judge Timothy W. Dore confirming a bankruptcy plan with respect to Debtor SuiteCentric, LLC.  Dkt. No. 1 at 23–29.  Judge Dore entered that order on January 23, 2026.  *Id.* at 23, 25.  Seibert elected to appeal to this Court rather than the Bankruptcy Appellate Panel.  *Id.* at 26.  Because Seibert's appeal is untimely, the Court will dismiss this appeal and direct the Clerk to close this case.

ORDER DISMISSING BANKRUPTCY APPEAL - 1

Subject to certain exceptions that do not apply here,[1] Rule 8002 of the Federal Rules of Bankruptcy Procedure requires that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." FED. R. BANKR. P. 8002(a)(1). This deadline is jurisdictional, meaning that "[a]n untimely notice deprives the district court of jurisdiction to review the bankruptcy court's order or judgment." *In re Souza*, 795 F.2d 855, 857 (9th Cir. 1986) (quoting *In re Ramsey*, 612 F.2d 1220, 1222 (9th Cir. 1980)); *see also Fantasia v. Diodato*, 154 F.4th 1123, 1131 (9th Cir. 2025) ("The deadline to file a bankruptcy appeal under Rule 8002 is 'mandatory and jurisdictional.'" (quoting *In re Ozenne*, 841 F.3d 810, 814 (9th Cir. 2016))). Because the Court lacks jurisdiction to hear an untimely bankruptcy appeal, it may dismiss such an appeal *sua sponte*. *In re Ramsey*, 612 F.2d at 1222 (dismissing appeal as untimely after raising the issue at oral argument).

Seibert filed this appeal 52 days after Judge Dore's decision—more than a month too late. After SuiteCentric's counsel identified the untimeliness of the appeal via a declaration (Dkt. No. 5), Seibert filed a response, arguing that the 14-day appeal deadline should be "tolled" based on SuiteCentric's "[c]oncealment of [a]ssets"—which Seibert claims he did not discover until weeks after Judge Dore's order. Dkt. No. 8 at 2. Because the appeal deadline is jurisdictional, however, "courts lack authority to create equitable exceptions." *In Re McClure*, No. 2:19-CV-02810-GW, 2019 WL 12375549, at *2 (C.D. Cal. June 28, 2019) (citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007)); *see also Melendres v. Maricopa Cnty.*, 815 F.3d 645, 649 (9th Cir. 2016) ("[W]e are not at liberty to overlook a defect with the notice of appeal no matter how compelling an appellant's

---

[1] Subsections (b) and (c) of Bankruptcy Rule 8002 provide limited exceptions to the 14-day appeal deadline where the appellant either is incarcerated or files a timely motion for relief from the judgment, order, or decree that is the subject of the appeal. In addition, subsection (d) authorizes the bankruptcy court, on a motion, to extend the time to file a notice of appeal if the motion is filed within the time otherwise permitted by Rule 8002 or within 21 days after that time expires if the party shows excusable neglect. Seibert does not claim that any of these exceptions applies here. *See* Dkt. No. 8.

ORDER DISMISSING BANKRUPTCY APPEAL - 2

argument may be."); *Brecht v. Klein*, No. C24-1949JLR, 2025 WL 2592198, at *2 (W.D. Wash. Sept. 8, 2025) ("The court does not have authority to extend its jurisdiction via equitable doctrines [to reach untimely bankruptcy appeals]."), *appeal dismissed*, No. 25-6390, 2025 WL 4038020 (9th Cir. Dec. 30, 2025).  Seibert identifies no authority supporting his argument that the mandatory 14-day deadline may be tolled based on "bad faith" or "fraud on the estate[.]"  Dkt. No. 8 at 2.

Accordingly, this appeal is DISMISSED for lack of jurisdiction.  The Clerk is DIRECTED to close this case.

Dated this 24th day of June, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DISMISSING BANKRUPTCY APPEAL - 3